**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

VICE CHANCELLOR
COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: April 16, 2020
Date Decided: May 7, 2020

Ashley R. Altschuler, Esq.
Ethan H. Townsend, Esq.
Harrison S. Carpenter, Esq.
Aaron P. Sayers, Esq.
MCDERMOTT WILL & EMERY LLP
The Nemours Building
1007 North Orange Street, 4th Floor
Wilmington, Delaware 19801

Paul J. Lockwood, Esq.
Daniel S. Atlas, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899

RE: *Nicholas Day v. Diligence, Inc.*
C.A. No: 2020-0076-SG

Dear Counsel:

The entity Defendant—of which the Plaintiff is a director and former officer—in this action for advancement of attorney's fees has objected to the Plaintiff's first and second fee invoices. I held Oral Argument on the Defendant's objections on April 16, 2020, and reserved judgment on whether the Plaintiff is entitled to fees incurred before submitting an undertaking to the Defendant, fees otherwise advanceable here. The parties have joined on this issue, despite the fact that the amount is not significant in light of the total advancement sought. The Defendant has attempted to rely on a recent Transcript Ruling of this Court, *Salomon*

*v. Kroenke Sports & Entertainment, LLC*,[1] which it characterizes as supporting the proposition that the Plaintiff may receive advancement *only* for those fees incurred after an undertaking was provided, because prior to that date the advancement right had not yet ripened.[2]

Transcript Rulings generally have *no* precedential value in this Court and they should ordinarily not be relied on as precedent—at most they offer persuasive authority. Rulings from the bench most often "reflect that the court intended to decide a particular dispute," not to advance the common law.[3] They tend to be informal, and often fail to be cabined in the way a jurist typically limits her rationale in a written decision. They are made in light of the fact that they will have no precedential value. This consideration is stronger where, as here, the transcript itself reflects that the ruling was limited to the case *sub judice*.

For the forgoing reasons, I decline to rely on the *Salomon* transcript. More fundamentally, the Defendant's interpretation of *Salomon*—only permitting advancement of expenses incurred after the submission of an undertaking—is not persuasive as a matter of doctrine or the Delaware General Corporation Law ("DGCL"). The Defendant's proffered rule would require an individual entitled to

---

[1] C.A. No. 2019-0858-JTL (Del. Ch. Feb. 26, 2020) (TRANSCRIPT).
[2] Defendant Diligence Inc.'s Objections to Plaintiff's First and Second Invoices, D.I. 11, ¶ 21
[3] *High River Ltd. P'ship v. Occidental Petroleum Corp.*, 2019 WL 6040285, at \*7 n.77 (Del. Ch. Nov. 14, 2019).

advancement to submit an undertaking *before* engaging counsel in order to ensure maximum eligibility for advancement, despite the fact that the fees incurred pre-undertaking may be indemnifiable. Section 145(e) of the DGCL provides:

> Expenses (including attorneys' fees) incurred by an officer or director of the corporation in defending any civil, criminal, administrative or investigative action, suit or proceeding *may be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount* if it shall ultimately be determined that such person is not entitled to be indemnified by the corporation as authorized in this section.[4]

This section permits a corporation to pay fees in advance of a final disposition of an action where the eligible party has submitted an undertaking. It provides that the advancement payment itself must await the undertaking. The very nature of an undertaking is to permit advance payment of reimbursable fees, with the purpose of ensuring that the entity has the legal (although not always practical) ability to recoup amounts advanced if they ultimately prove not indemnifiable. Nothing in the language of the statue, or the policy implicit therein, limits advancement to sums incurred post-undertaking, to my mind. The Defendant, I note, has pointed to none. Nor has it cited to precedent, other than the transcript mentioned above.

---

[4] 8 *Del. C.* § 145(e) (emphasis added).

Therefore, the Defendant's objection to the Plaintiff's fees is denied to the extent such objection is based on the incurrence of such fees before the submission of an undertaking.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III